was negligent. The issues made by the pleadings were: Did he own the automobile? And, was he guilty of negligence? The court permitted Kenney to testify that Wicker called upon her and said he was the man that hit the little girl, and made the remark that he didn't care, that he claimed insurance.

Wicker made a motion for an instructed verdict, because of the lack of evidence of his ownership of the automobile. The court overruled the motion, and a verdict was returned against Wicker, who prosecuted error in this case to reverse the judgment. The court of Appeals held it to be the general rule of evidence that declarations of a party to an action against interest may be offered in evidence, and this is true, even though the statement contains some element that otherwise would not be admissible in evidence; and that the statement made to Kenney by Wicker was competent evidence. In the case of Goz v. Fenner, 104 OS. 500, defendant denied the ownership of the automobile and that it was being operated in the usual course of his business at the time of the happening of the accident. The court therein held that plaintiff could call witnesses to testify to a statement made by defendant to an insurance company to prove the allegations made by the pleadings.

From the record in this case and an examination of the Goz case, the Court of Appeals concluded that the facts in this case bring it within the rule above stated, and that the judgment should be affirmed.

Attorneys — Jackson & Woodward, for Wicker; Crossley & Rogers, for Kenney; all of Cincinnati.

---

## No. 583
### INDUSTRIAL COM. v. RUDISALL
Ohio Appeals, 1st Dist., Hamilton County
No. 2291. Decided Jan. 14, 1924

**1283. WORKMAN'S COMPENSATION —** Jurisdiction of Common Pleas to hear an appeal where pleading fails to allege temporary award—Effect of words, "or to continue to participate," amended into 1465 GC.

HAMILTON, J. Epitomized Opinion
Published Only in Ohio Law Abstract

This case was an appeal from the Hamilton Common Pleas from an order rejecting and disallowing compensation under the Workmen's Act, for injuries claimed to have been received by Rudisall in the course of his employment.

The petition on appeal contains the necessary allegations—the final rejection and al-

lowance of the claim, and that the appeal was filed within 30 days from the notice of disallowance. The answer of the Commission admits the making of the application for compensation, the final disallowance of the claim, and notice thereof to Rudisall. He received a verdict of $1,200 and interest, for which an attorney fees judgment was entered.

The Commission prosecuted error to the Appeals, on the grounds:

1. That the Court of Common Pleas had no jurisdiction to hear the appeal.

2. That the verdict of the jury was contrary to law, in that it provided for recovery of a lump sum, instead of weekly payments.

The argument was presented that under the Code there must be a denial of the rights of claimant to participate at all in the insurance fund.

It was claimed that there was a temporary allowance of $49.29, which was refused by Rudisall; that by reason of this temporary allowance he was denied the right to participate in the fund. The only evidence of the award of this sum is shown by the records of the commission filed in the case. Under the pleadings this temporary award was not entitled to be submitted to the jury. There was no request to amend the pleadings, to conform to the evidence, if this temporary award was provable. Moreover, 1465 GC. has been amended to include the words "or to continue to participate." So that, if there was a participation within the meaning of the section as it originally read, the amendment would permit of the appeal, since the rejection of the application would at least go to the extent of refusing the claimant the right to continue to participate.

The other question goes only to the statutory inaccuracies of the verdict and judgment. The injury proved was the loss of an eye. The statute recites the amount of the award and the method of payment. The judgment will be modified to conform to its provisions in that regard. As thus modified the judgment will be affirmed.

Attorneys—Charles S. Bell, Pros. Atty., Louis Schneider, Asst.., for Commission; Fred. Niederhelman and Thomas L. Michie, for Rudisall. All of Cincinnati.

---

## No. 584
### TIGNER v. TIGNER
Ohio Appeals, Hamilton County
No. 2379. Nov. 26, 1923.

**413. DIVORCE—Age of majority act which took effect July 18, 1923, had no effect upon

a then pending action brought by a wife who was above 18 years when it was begun, but under 21 when it was called for trial.

HAMILTON, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

Frances Tigner brought action for divorce from Thomas Tigner, July 11, 1923. She was 18 years of age, March 7, 1923. At said time of filing her petition she was of legal age under the existing statute and could maintain her action, but on April 5, 1923, it was amended, making 21 years the age of majority, thus raising that of females from that of 18 years to 21 years. The act to amend took effect July 18, 1923, seven days subsequent to the filing of her suit.

In October, 1923, the case was called for trial, whereupon the action was dismissed on the ground that the plaintiff was, at the time of calling the case for trial, under 21 years of age, and then being a minor, had no right to prosecute the action. Error was taken by her from the judgment of dismissal, to the Court of Appeals, which held:

Sec. 26 GC. provides that whenever a statute is repealed or amended, it shall in no manner affect pending actions. It follows that the new statute relating to the majority age had no application to this then pending suit, and the trial court erred in dismissing the case. Judgment reversed and cause remanded to be reinstated.

Attorneys—C. S. Sparks, Cincinnati, for Frances Tigner; for Thomas, not given.

---

At the annual meeting of the Judges of the Ohio Courts of Appeals districts, held in Columbus, on Tuesday, September 16, Judge Willis Vickery, of Cleveland, was elected as President, and Judge Louis B. Houck, of Mt. Vernon, was re-elected as Secretary for the ensuing year. The usual routine of fixing the dates of holding the Courts of Appeals in the different counties, and other duties were disposed of.

## PUBLISHERS' COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

| | | |
|---|---|---|
| CHIEF EDITOR | - - | W. J. TOSSEL |
| President | - - - | J. F. Laning |
| Vice Pres. and Cir. Mgr. | - | Sam H. Torrey |
| Secretary and Treasurer | - | S. R. Laning |

Issued Every Wednesday    50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance..$15.00

Single Numbers ....................... .50

First Semi-Annual Digest, No. 36, separately    2.50

Second Semi-Annual Digest, Vol. 2, No. 2    2.50

---

The lawyer who wants to keep up-to-date, be correct in giving opinions, and right in his counsel, and thus earn more and better fees, and greater confidence of clients and consequent success, must devote a little time each week to the Abstract. If he delights in winning cases his timely devotion to this publication may often be the price of his success.

---

Lawyers are frequently judged by appearances, such as the books they read. If the Abstract is seen by a client, it generally means that you are keeping step with the courts and your brethren of the bar, and trying to be an up-to-date, competent to give advice or handle their case, and not be outdone by an adversary. Companionship with the Abstract, and a display of your knowledge of its contents, is a kind of advertising that pays.

---

There will always be much tiresome labor, digging and drudgery in the practice of law, but there will always be a compensating delight in the winning of the cases an attorney puts his labors upon, so we are endeavoring to make it the province of the Abstract to so assist its subscribers that they can avoid all needless waste of time, in finding the currently decided points of law applicable to the cases they have to prepare. It ususally requires some time for a lawyer to learn just how to best run down a desired authority, but if he familiarizes himself with the system of indexing, digesting, concording and annotating the cases that are published in the Abstract his labor will be greatly simplified and abbreviated and much of the difficulty of his research work will be either eliminated or reduced to the minimum.